In re P. McGARRY & SON.

AMERICAN BONDING CO. OF BALTIMORE et al. v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. February 8, 1917.)

No. 2283.

BANKRUPTCY ⬡⟿349—CLAIM—PRIORITY—GOVERNMENT CONTRACTOR—BOND.

Where a government contractor, who had given bond as required by Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), conditioned, among other things, that the contractor would pay for material and labor furnished, though there was no similar clause in the contract, became bankrupt after completion of the work, and the sums due the contractor came into the hands of the trustee in bankruptcy, the materialmen and laborers, who had not been paid, and the surety on the bond, who had paid some of the claims for labor and materials, are entitled to that fund in preference to the assignee of the contractor and to the general creditors, since the purpose of the act requiring the bond was to protect the laborers and materialmen, as well as to secure to the government the performance of the contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 533.]

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition for Revision of Proceedings of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy.

In the matter of P. McGarry & Son, bankrupts. From an order of the District Court sustaining the demurrer of the Central Trust Company of Illinois, trustee in bankruptcy, to the petition of the American Bonding Company of Baltimore and others, asserting their right to have their claims paid out of a fund in the hands of the trustee prior to all other creditors, the petitioners appeal. Reversed.

The bankrupt contracted with the United States to furnish all material and perform all labor necessary to install certain improvements in Post Hospital at Ft. Des Moines, Iowa, for the sum of $2,559. For the purpose of securing the performance of all the conditions of said contract, the United States required, in accordance with the statute in such case provided by an act passed August 13, 1894, as amended by act passed February 24, 1905, and the bankrupt furnished a bond with the American Bonding Company as surety, in the sum of $1,250, conditioned that if the bankrupt should "in all respects, duly and fully observe and perform all and singular the covenants, conditions and agreements in and by the said contract agreed and covenanted by said P. McGarry & Son to be observed and performed according to the true intent and meaning of said contract, and as well during any period of extension of said contract that may be granted on the part of the United States as during the original term of the same, and shall promptly make full payments to all persons supplying it labor or materials in the prosecution of the work provided for in said contract, then," etc. The contract itself made no reference to the paying of subcontractors.

Thereafter the work was completed and accepted. Whereupon payment became due therefor to the contractor, who had become a bankrupt. The bonding company then notified the government that the materialmen, not having been paid, had made demand upon it for payment under the terms of the bond, and requested that payment be withheld. This request was disregarded and the agent of the government proceeded to pay over said sum to an assignee of the contractor. This was done subsequently to the institution of the bankruptcy proceedings. Afterwards such steps were taken that $2,000 of said fund came to the possession of the trustee in bankruptcy of said contractor. In the meantime the bonding company had made payments to the materialmen of large sums upon their claims. Thereupon the bonding company and certain materialmen whose claims had not been fully covered by the bond, filed their petition in said bankruptcy proceeding setting up said facts and asserting their rights to have their said claims paid out of said fund prior to all other creditors of said bankrupt, the bonding company claiming such right by reason of its said payments to the materialmen, by way of subrogation to the extent of its said advances to the said materialmen. To this petition the trustee in bankruptcy filed its demurrer, which was sustained by the referee. This judgment was approved by the District Judge, and the petition dismissed. This action of the District Court is now before us for review.

Burrell J. Cramer, of Chicago, Ill., for petitioner.
Wm. M. Lawton, of Chicago, Ill., for respondent.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). The act requiring the giving of a bond by the contractor is entitled "An act for the protection of persons furnishing material and labor for the construction of public works." Page 2523, Compiled Statutes 1901. One of the purposes of this act, it was held by the court in United States v. National Surety Co., 92 Fed., 549, 34 C. C. A. 526, and also

240 F.—26

in United States v. Rundle, 100 Fed. 400, 40 C. C. A. 450, was to afford full protection to all persons who supplied material or labor in the construction of public buildings or other public works. In the Henningsen Case it was held by the Circuit Court of Appeals for the Ninth Circuit (143 Fed. 810, 74 C. C. A. 484), that the bond required by the statute was "intended to perform a double function, in the first place to secure to the government, as before, the faithful performance of all obligations which a contractor might assume towards it; and in the second place to protect third persons from whom the contractor obtained materials or labor."

The $2,000 fund in the hands of the trustee in bankruptcy stands charged with the same equities as to the materialmen and the surety upon the bond who had paid the materialmen as it was bound to do, as when it was undistributed in the hands of the United States. Whatever rights were acquired by reason of the contractor's assignment and payment thereon by the United States, were subject to the right of the materialmen and surety on the bond to have their claims paid in full. Henningsen v. United States Fidelity & Guaranty Co., 208 U. S. 404, 410, 28 Sup. Ct. 389, 52 L. Ed. 547. "It was," says the court in Greenville Savings Bank v. Lawrence, 76 Fed. 545, 22 C. C. A. 646, "a fund withheld under the stipulation of the contract for a particular class of creditors, to which mere assignees of the fund do not belong, and the rights of such assignees, if they have any, must be postponed until the creditors who have a special equity are paid."

In Re Scofield Company, 215 Fed. 45, 131 C. C. A. 353, which was a case in which the special reference to laborers and materialmen was contained in the bond exacted as here and not in the contract proper, the court, having reference to that fact, says:

"Nevertheless, when the contract is construed in its entirety and in connection with the obligations imposed by the bond, it will be found that an equity was created in favor of the surety in the reserved fund to which it is the duty of this court to give effect."

That the surety, on payment of labor and material claims, was subrogated and that its equity attached as of the date of the bond, and that a mere volunteer's rights would be subject to those of the surety who pays the labor and material bills, was clearly laid down in Prairie State Bank v. United States, 164 U. S. 227, 240, 17 Sup. Ct. 142, 41 L. Ed. 412. This was approved in Henningsen v. United States, supra.

In the case at bar, the assignee of the contractor stands in the position of a mere volunteer and is not therefore entitled to the benefit of the doctrine of subrogation. Under the authorities quoted, the materialmen and the surety in the case at bar have a prior right to the extent of their claims in the fund so in the hands of the trustee, in the nature of an equitable lien. It precedes the rights of assignees of the contractor and also those of the general creditors.

There can be no doubt but that the trustee in bankruptcy took the fund, as above stated, charged with the payment of claims of the materialmen and of the surety on the bond as prior liens thereon and with the duty of making distribution of said several sums so due thereon. Cleminshaw v. International Shirt and Collar Co. (D. C.) 165 Fed. 797;

Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055.

The judgment of the District Court is reversed, with direction to proceed further in accordance herewith.

MACK, Circuit Judge. I concur in the result, solely on the authority of Henningsen v. United States Fidelity & Guaranty Co., 208 U. S. 404, 28 Sup. Ct. 389, 52 L. Ed. 547.