## ·12043

### SUMTER TRUST CO. v. SUMTER COUNTY *ET AL.*

#### (134 S. E., 209)

1. Highways.—County has right, after contractor's default, or on filing of claims for labor and material, to appropriate for completion of work and payment of claims entire fund withheld on contract, if · necessary.

2. Subrogation.—Surety for contractor doing highway work after fulfilling contract obligation *held* subrogated to rights which county could have asserted to fund withheld on contract.

3. Subrogation.—Surety's right of subrogation to rights of county to appropriate fund withheld on contract dates back to date of contract of suretyship, and is superior to assignment given by principal thereafter.

4. Highways.—Secretary of county permanent road commission *held* to have had no authority to bind commission by requesting bank to make loan to contractor to pay for labor.

Before Henry, J., Sumter, March, 1925.   Affirmed.

Action by the Sumter Trust Company against Sumter County, the Union Indemnity Company, and others.   From the judgment, plaintiff appeals.

The decree of Judge J. K. Henry, directed to be reported, is as follows:

In the above-entitled cause the parties have filed a stipulation in writing that the cause be tried by the Court without a jury.   By the same stipulation the parties have agreed upon certain facts.

For the sake of brevity I will refer to the plaintiff, the Sumter Trust Company, as the bank, Powell Paving & Contracting Company as the contracting company, the defendants, Union Indemnity Company, as the surety company, Sumter Permanent Road Commission as the commission, and Sumter County as the county.

According to the stipulated facts and the documentary evidence in the cause, it appears that, on or about the—— day of July, 1923, the contracting company entered into a

contract to construct a certain highway in the County of Sumter known as the Mayesville Road. This contract provided for monthly estimation of the work, and the 90 per cent. of the amount earned each month should be paid to the contracting company, while the remaining 10 per cent. should be retained by the commission until the completion and acceptance of the work. The bond signed by the said contracting company and the defendant, Union Indemnity Company, as surety, was given to the commission. Under the terms of the bond, the surety company was surety for the performance of the terms and conditions of the said contract, and that the contractor should pay when and as due all lawful claims for labor performed or material and supplies furnished for use in and about the construction of said highway.

· The contracting company entered upon the performance of the contract, and constructed a portion of the highway, but before the work was completed it became involved and failed to complete the contract. The contracting company was put in default by the State Highway Department on the 4th day of April, 1924, and shortly thereafter was adjudicated bankrupt.

Upon failure of the contracting company to complete the construction of the road in accordance with its contract, the commission relet the contract for and on account of the surety company as surety on the bond of the contractor, and the paving of the said road was thereafter completed at the cost and expense of the surety company.

It further appears that, at the time of the default by the contracting company, there was remaining in the hands of, and held by, the commission the sum of $31,000, which would have been due when and if the contract for the Mayesville Road had been completed by the said company; that, after default in the performance of the contract by the contracting company, the contract for the completion of the work was relet for approximately the sum of $22,500, that,

after the work had been completed, there remained in the hands of the commission something less than $8,000, which is the fund in controversy in this case. It is admitted that this sum was wholly insufficient to cover the claims for material furnished and labor performed on the road in question, which claims have been actually paid by the surety company by reason of its liability as surety.

On March 1, 1924, the bank loaned $4,000 to the contracting company, taking its promissory note for that amount, and at the same time the contracting company delivered to the bank an order directing the commission to pay to the bank the sum of $4,000 from the money due the contracting company on the February estimate on the Pocalla Road, and, in case that estimate was insufficient to pay this amount, then to pay the bank from any other estimate due the contracting company. On March 20, 1924, the commission paid to the bank, by virtue of this assignment, the sum of $2,461.82, which was the total amount due the contracting company on the February estimate, and included all money then due the contractor for the work in question, and before any further payment or estimate was due under the contract the contracting company ceased work in the project, and was put in default by the Highway Commission.

The bank instituted this action against the commission, the county, the surety company, and the trustee in bankruptcy of the contracting company upon the theory that by virtue of the assignment to it that it had a prior right to the funds remaining in the hands of the county after completion of the contract. The county and the commission have deposited with the Clerk of this Court the sum of $2,000, to be held subject to the final determination of this action and to the order of the Court herein, and have by proper order of the Court hereinbefore made been discharged and dismissed from the case, so that the real and only controversy is between the bank on the one hand and the surety company

on the other, and the question presented for decision is which of the two contestants possesses the superior right to the fund. The bank bases its right upon the assignment already adverted to. The claim of the surety company on the other hand, is that in equity it is subrogated to the right and equity of the commission or the county upon the default of the contractor to appropriate the retained percentages, deferred payments, or other moneys which might become due to the contractor under the contract and remaining in its hands at the time of said default to the completion of said contract, and the payment of all claims for labor performed and material furnished to the contractor in the performance thereof. In addition to the right of subrogation, it has set up an assignment of all moneys due, or to become due, to the contractor, which said assignment was made prior to the execution of the bond.

The right of the commission to retain the specified percentages under the contract dates from the time the contract was entered into. It must be conceded that the county has the right, after default by the contractor, or upon the filing of any claims for labor performed or material furnished, to appropriate for the completion of the work and the payment of such claims the entire fund, if necessary to pay therefor.

It is equally obvious that, when the surety company fulfilled its obligation, and paid the debts incurred by the contracting company for labor and material, it was thereby subrogated to the rights which the county could have asserted against the fund. *Prairie State Bank v. U. S.,* 164 U. S., 227; 17 S. Ct., 142; 41 L. Ed., 412. *Henningsen v. U. S. F. & G. Co.,* 208 U. S., 404; 28 S. Ct. 389; 52 L. Ed., 547. *Re: P. McGarry & Son,* 153 C. C. A., 326; 240 F., 400. *Wasco County v. New Eng. Eq. Ins. Co.,* 88 Or., 465; 172 P., 126; L. R. A., 1918-D, 732; Ann. Cas., 1918-E, 656. *National Surety Co. v. Berggren,* 126 Minn., 188; 148 N. W., 55.

The surety company's right to subrogation dates back to the time when it entered into the contract of suretyship, and is superior to any assignment given by the contracting company after the contract of suretyship was entered into. *Prairie State Bank v. U. S., supra. Henningsen v. U. S. F. & G. Co., supra. Re: P. McGarry & Son, supra. Wasco County v. New Eng. Eq. Ins. Co., supra.*

The bank contends, however, that in this particular case the money was loaned the contractor for the purpose of paying for labor performed upon the road in question, and that, therefore, in the last analysis the surety company received the benefit of the bank's money. It also lays great stress upon the fact that the money was loaned to the contracting company at the request of the secretary of the commission. As to the latter contention I find that, even if this were true, it would not avail the bank, because the secretary had no authority to bind the commission by his action. As to the claim that the money was actually used for the payment of laborers upon the road, there is nothing in the stipulation of facts nor in the evidence before the Court to show that such was the fact.

In the *Henningsen case, supra,* the Supreme Court of the United States says: "Whatever equity, if any, the bank had to the fund in question, arose solely by reason of the loans it made to Henningsen. Henningsen's surety was, upon elementary principles, entitled to assert the equitable doctrine of subrogation; but it is equally clear that the bank was not, for it was a mere volunteer, and under no legal obligation to loan this money." (Citing cases.)

In the *Wasco County case, supra,* the Court says:

"The equity which the surety has in such funds as are retained, under the agreement with the contractor, has its inception at the time when the surety enters into the contract of suretyship, and hence the contractor can neither supplant this equity nor strip it of its priority by borrowing money

from some person not obliged to lend, and assigning the funds to secure the loan."

I, therefore, find as a conclusion of law that the surety company is entitled to be subrogated to the rights of the county and the commission in the fund, and that its right to claim such fund is superior to any claim of the bank.

It is, therefore, ordered, adjudged, and decreed, that the Clerk of this Court do forthwith pay over and deliver unto the defendant Union Indemnity Company, or its attorneys, the said sum of $2,000, which is held by him subject to the order of the Court herein.

It is further ordered that the costs in this case be taxed against the plaintiff, the Sumter Trust Company.

*Messrs. Lee & Moise,* for appellant, cite: *"Subrogation" defined:* 120 S. C., 56. *Case distinguished:* 114 S. C., 323. *Defendant surety company failed to give notice of assignment; estoppel:* 31 A. L. R., 876; 66 L. R. A., 760.

*Messrs. Nelson & Mullins,* for respondent, Union Indemnity Company, cite: *Legal and conventional subrogation:* 49 Minn., 386; 25 R. C. L., 1312. *Surety performing obligation of principal entitled to subrogation to rights against principal:* 68 S. C., 436; 208 U. S., 404; 52 L. Ed., 547; 164 U. S., 227; 41 L. Ed., 412; 4 F. (2nd), 810; 240 F., 400; 153 C. C. A.,326; 215 F., 45; 114 F., 529; 52 C. C. A., 313; 71 N. J. Eq., 657; 65 A., 466; 148 N. W., 55; 172 P., 126; L. R. A., 1918-D, 732. *Surety's right to subrogation dates from execution of contract:* 68 S. C., 436; 208 U. S., 404; 52 L. Ed., 547; 164 U. S., 227; 41 L. Ed., 412; 172 P., 126; L. R. A., 1918-B, 732; 4 F. (2nd), 810. *Equitable assignments:* 114 S. C., 207; 103 S. E., 499; 8 F. (2nd), 446. *Plaintiff not entitled to subrogation:* 99 Neb., 785; 157 N. W., 924. *Elements necessary to constitute equitable estoppel:* 16 Cyc., 750 and 756. *Duty of party dealing with agent to inquire into his authority:* 21 R. C. L., 908. *Priorities between successive assignees of chose in*

*action:* 264 U. S., 182; 31 A. L. R., 876. *Same; South Carolina rule:* 57 S. C., 481; 38 S. C., 147; 22 S. C., 29; 4 Rich. Eq., 105; 2 Pomeroy's Eq. Jur., 4th Ed., Sec. 687.

August 6, 1926.

The opinion of the Court was rendered by MR. JUSTICE BLEASE.

It is the judgment of this Court that the decree of his Honor, J. K. Henry, Circuit Judge, which will be reported in full, is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and STABLER concur.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY disqualified.

MR. CHIEF JUSTICE GARY did not participate.