**John A. HADDEN, as Trustee in Bankruptcy of Manufacturers Trading Corporation and Manufacturers Discount Corporation**

v.

**The UNITED STATES, Condenser Service & Engineering Co., Inc., et al., Intervenors.**

**No. 50038.**

United States Court of Claims

July 12, 1955.

Theodore B. Wolf, New York City, for plaintiff Israel Akselrod and Zalkin & Cohen, New York City, were on the briefs.

Harry I. Rand, Washington, D. C., for intervenors. Solomon Dimond, New York City, was on the briefs.

William A. Stern, II, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for the defendant. Carl Eardley, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

In this case the plaintiff is the trustee in bankruptcy for a financial institution which loaned money to the contractor, taking as security an assignment of the contractor's rights to receive payments

from the Government for the performance of the contract. The intervenors are laborers and materialmen who furnished labor and materials to the contractor and have not been paid. The Government withheld a considerable sum which was otherwise due the contractor. The intervenors assert a right in that money superior to the right of the plaintiff.

The plaintiff sued for the amount withheld by the Government. The Government filed counterclaims for a total amount greatly in excess of the amount which it withheld. In several other cases brought by the same plaintiff, Nos. 50115, 49884, 48867, 413–52 and 49831, decided on April 5, 1955, the Government filed most of the same counterclaims, and the court held that the counterclaims were not valid as against the claims there asserted, except to the extent that they were used up as credits in favor of the Government in that case. The outcome of those cases was a judgment in favor of the plaintiff trustee in bankruptcy for $303,156.44. That judgment has now become final. The sum admittedly withheld by the Government in the instant case is some $66,000 larger than the amount of any counterclaims by the Government now on file and not already dismissed.

In our decision in the instant case, we held that the Government was not a mere stakeholder, and that therefore the principle announced in Royal Indemnity Co. v. United States, 93 F.Supp. 891, 117 Ct. Cl. 736, was not applicable. But, by our decision dismissing the counterclaims in the plaintiff's other cases referred to above, we made of the Government a mere stakeholder. In that situation, this court's decision in Royal Indemnity Co. v. United States, supra, the Supreme Court's dictum in United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, recognizing its earlier decision in Henningsen v. United States Fidelity & Guaranty Co., 208 U. S. 404, 28 S.Ct. 389, 52 L.Ed. 547, as well as numerous other decisions of this and other Federal courts, show that we

should recognize the rights of these intervenors. In the cases referred to above the plaintiff was a surety company, asserting rights derived from its payment of laborers and materialmen. If this right is enforcible, the laborers and materialmen, in whose shoes the surety in those cases stood, must have had rights. Greenville Savings Bank v. Lawrence, 4 Cir., 76 F. 545; In re P. McGarry & Son, 7 Cir., 240 F. 400; Belknap Hardware & Mfg. Co. v. Ohio River Contract Co., 6 Cir., 271 F. 144; American Surety Co. v. Westinghouse Electric Mfg. Co., 5 Cir., 75 F.2d 377, affirmed 296 U.S. 133, 56 S.Ct. 9, 80 L. Ed. 105; and Martin v. National Surety Co., 8 Cir., 85 F.2d 135, affirmed, 300 U. S. 588, 57 S.Ct. 531, 81 L.Ed. 822, are other Federal court cases in which laborers and materialmen, or sureties who have paid them, are held to have an equitable priority in money owed by the United States to a contractor.

The intervenors' right is a right to the money, if any, owing by the United States to the contractor. If, as the litigation proceeds, it should develop that there is no such money, the intervenors will not be entitled to anything.

The motion of intervenors for a rehearing is granted, and the order contained in the opinion of April 5, 1955, granting plaintiff's motion for judgment on the pleadings dismissing the petition in intervention is vacated.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge (dissenting).

When this case was before the court on plaintiff's motion for judgment on the pleadings dismissing intervenor's petition, the United States was not a mere stakeholder, and it was not necessary to express an opinion on the correctness of Royal Indemnity Co. v. United States, 93 F.Supp. 891, 117 Ct.Cl. 736. But now the United States may be a stakeholder of about $66,000 and, if so, the Royal Indemnity case is indistinguishable. I

believe that the Royal Indemnity case should be overruled. I fail to see how the laborers and materialmen have any standing to sue in this court. Their claim is against the contractor, not the United States.

It is true that the Supreme Court held in Henningsen v. United States Fidelity & Guaranty Co. of Baltimore, Maryland, 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547, that the surety on a payment bond had an equitable priority to the retained percentages where the bank and the surety were both asserting equitable claims. The United States was not a party to that suit and the District Court had jurisdiction as between the private parties under their general jurisdiction. It is also not clear from that decision what rights the surety was "subrogated" to. The cases relied upon by the majority, except Munsey Trust, infra, which I do not believe supports the majority, were all decided before the amendment to the Assignment of Claims Act in 1940, 31 U.S.C.A. § 203, 54 Stat. 1029, and the question of this court's jurisdiction was not involved. Also, the United States was not involved in those suits because it had already paid the money to the party it believed entitled thereto, except in the case of Greenville Savings Bank v. Lawrence, supra, where the United States withheld money, pursuant to the contract, for no other purpose than the payment of laborers and materialmen.

It is also relevant to note that Prairie State Nat. Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412, was not before this court under our present jurisdictional act, but rather by reference under section 1063 of Revised Statutes, now 28 U.S.C.A. §§ 1493, 2510.

In this case the plaintiff, trustee for the financial institution, is not asserting a mere equitable priority, but rather is asserting a valid legal claim under the Assignment of Claims Act as amended in 1940, supra. This amendment was enacted to encourage the private financing of Government contracts and should be so construed. Central Bank v. United States, 345 U.S. 639, 646, 73 S.Ct. 917, 97 L.Ed. 1312. The United States could properly and safely pay the funds to the holder of the valid assignment without subjecting itself to double liability. See Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822, and the cases cited for the proposition that the Act was for the protection of the Government and was to prevent the Government from becoming embroiled in disputes between the contractor and its creditors. The United States does not have to concern itself with the question of which person is ultimately entitled to money, it can pay the holder of a valid assignment under the Assignment of Claims Act, supra. But on the question of which party is ultimately entitled to the money see the Coconut Grove Exchange Bank v. New Amsterdam Casualty Co., 5 Cir., 149 F.2d 73, and General Casualty Co. of America v. Second National Bank of Houston, 5 Cir., 178 F.2d 679, in which cases it was held that the financial institution has the superior claim over the surety on a payment bond by reason of the passage of the 1940 amendment to the Assignment of Claims Act, supra. Obviously, the majority opinion is in direct conflict with these cases.

The laborers and materialmen and their subrogees have no enforceable rights against the United States. United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022. Having no rights against the United States, the intervenors are in the position of asking this court to litigate the rights of private parties over which this court has no jurisdiction. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058, and the cases there cited. If the laborers and materialmen have a superior right against the plaintiff *inter sese* they may prosecute that action in the proper forum.

I would overrule intervenors' motion.