**UNITED STATES of America for the Use and Benefit of John P. REUTER, Jr., an Individual, d/b/a Missouri Roofing Company, and John P. Reuter, Jr., an Individual, d/b/a Missouri Roofing Company, Plaintiffs,**

v.

**MacDONALD CONSTRUCTION COMPANY, a Corporation, the Travelers Indemnity Company, a Corporation, National Park Service, for the Jefferson National Expansion Memorial Project and Fidelity and Deposit Company of Maryland (New deft. on 10/11/68), Defendants.**

**No. 68 C 362(2).**

United States District Court
E. D. Missouri, E. D.

Dec. 12, 1968.

5. 242 F.Supp. 495 (D.C.1965).

Kenney, Reinert & Hespen, St. Louis, Mo., for plaintiff and for Fidelity Deposit Co. of Maryland, intervenor.

Biggs, Hensley, Curtis & Biggs and Wm. C. Dale, St. Louis, Mo., for defendant MacDonald.

Evans & Dixon, St. Louis, Mo., for defendant The Travelers Indemnity Co.

Veryl L. Riddle, U. S. Atty., and Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for defendant Govt's contracting officer.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on separate motions by the defendants to dismiss Count II of the complaint. The plaintiff, John P. Reuter, d/b/a Missouri Roofing Company, alleges in his complaint that he was a subcontractor of the defendant MacDonald Construction Company, who was prime contractor on the Jefferson National Expansion Memorial Project (Arch). He alleges that he performed as required by the subcontract and that he has not been fully paid. Count I is a suit on MacDonald's bond issued by the defendant The Travelers Indemnity Company. Suit is brought under the provisions of 40 U.S.

C. § 270b for $16,136.46, for material and labor furnished in performing the work required under the terms of the subcontract.

Count II of the complaint is against the defendants, MacDonald and Travelers, and also Mercantile Trust Company National Association and Leroy R. Brown, contracting officer of the United States Department of the Interior for the Arch project. Jurisdiction is alleged under 12 U.S.C. § 1361. The action is characterized as in the nature of mandamus to compel an officer of the United States to perform a duty owed to the plaintiff. The citation to 12 U.S.C. § 1361 is undoubtedly a typographical error. The mandamus statute is 28 U.S.C. § 1361, and the Court will assume that this was the intended citation. Count II alleges that Travelers, as surety, issued a payment bond for MacDonald. The bond is conditioned upon the prompt payment of persons who furnished labor and material in connection with Mac-Donald's contractual undertakings in construction of the Arch. This bond was required by the provisions of 40 U. S.C. § 270a, et seq. The plaintiff entered into a subcontract with MacDonald for "weatherproofing" certain parts of the Arch project. The plaintiff alleges he has fully performed, and that he has made demands upon MacDonald and Travelers for payment. He alleges that the $16,136.46 wrongfully withheld by the defendants, MacDonald and Travelers, remains in the hands of the defendant Leroy R. Brown, contracting officer for the Arch project. The plaintiff alleges that the money is subject to disposition at Brown's direction. The plaintiff seeks to assert an equitable lien upon the money in the hands of Brown as a balance due or to become due and payable under the terms of the prime contract for the construction of the Arch. It is alleged that the defendants MacDonald, Travelers, and Mercantile Trust, have entered into certain agreements among themselves by which they claim rights in the funds retained by Brown superior to the equitable lien rights of the plaintiff. The plaintiff requests the following relief from this Court:

(1) To decree that the plaintiff has equitable lien rights to the funds retained by Brown under the prime contract, which rights are superior to the rights of the defendants MacDonald, Travelers, and Mercantile Trust;

(2) To void any agreement among the defendants MacDonald, Travelers, and Mercantile Trust, which seeks to defeat this equitable lien right of the plaintiff;

(3) To order the defendant Brown, as contracting officer for the United States, to recognize the plaintiff's superior equitable lien rights to the funds retained by him and to order him "to perform his duties to this plaintiff by paying such monies as are owed to this plaintiff in these premises to him out of the said job funds." It is requested in the alternative that the Court appoint a special receiver to receive and conserve the funds retained by Brown and then pay them out to the parties as this Court shall direct at the termination of this litigation;

(4) To order the defendants Mac-Donald, Travelers, and Mercantile Trust, to pay the plaintiff such portion of the job funds received by them out of the prime contract as are necessary to compensate him for the money owed under the subcontract.

The separate motions of the defendants to dismiss Count II of the complaint are based substantially upon the same grounds. It is argued that the exclusive remedy of the plaintiff is a suit upon the bond as provided in 40 U.S.C. § 270b. It is also maintained that the suit is not one of mandamus and that this Court does not have jurisdiction under 28 U.S.C. § 1361.

█ Count II of the plaintiff's complaint is not an action of mandamus of which this Court has jurisdiction under 28 U.S.C. § 1361. The allegations of

Count II pertaining to the contracting officer Brown are that he has custody and control of certain job funds retained from the prime contractor under the contract between the prime contractor and the United States. It is not alleged that Brown is wrongfully withholding the retained funds from the plaintiff or from MacDonald. It is not alleged that Brown has a duty to pay the retained funds to anyone. The plaintiff is requesting this Court to create the duty upon which he seeks to base his mandamus action. Mandamus is available only to compel the performance of an act when the duty to perform that act is clearly defined in terms of the applicable law. Rural Electrification Admin. v. Northern States Power Co., 373 F.2d 686 (8th Cir.1967). There is no allegation here that there is any duty to presently disburse these funds to anyone. The relief prayed for, however, specifically requests that this Court order the contracting officer to disburse the retained funds.

 The plaintiff cites various decisions which he contends stand for the proposition that an unpaid laborer or a materialman has an equitable lien upon the funds retained in the hands of the United States, and that this right may be pursued even though Congress has enacted the Miller Act to protect laborers and materialmen by providing for a payment bond. There is authority for the proposition that an unpaid laborer or materialman has an equitable lien upon funds in the hands of the United States which were retained from the prime contractor. See, e. g., In re Dutcher Construction Corp., 378 F.2d 866 (2d Cir.1967). The passage of the Miller Act did not destroy this equitable lien. The Miller Act was designed to give the laborers and materialmen the same protection which state lien laws provide to persons furnishing labor and material for private construction. "The bond protection of the Miller Act is in lieu of the liens provided by State law." Continental Casualty Co. v. United States, 305 F.2d 794 (8th Cir.1962).

This equitable lien, however, only extends to funds in the hands of the United States which it has determined are due and payable to the prime contractor under the terms of the prime contract. National Surety Corp. v. United States, 133 F.Supp. 381, 132 Ct. Cl. 724 (1955). The materialman or the laborer may not pursue such remedy unless the surety of the bond provided by the Miller Act is insolvent and unable to pay the amounts they are entitled to. See, United States for Use of Brown Brothers Grading Co. v. F. D. Rich Co., 285 F.Supp. 572 (D.S.C.1968); Continental Cas. Co. v. United States, 169 F. Supp. 945, 145 Ct.Cl. 99 (1959). There is no allegation in the case presently before this Court that the United States has determined that the retained funds are payable to the prime contractor. Nor is there an allegation that the defendant surety company which furnished the bond is insolvent. Even were these allegations present, jurisdiction would not be under 28 U.S.C. § 1361.

Count II of the plaintiff's complaint will be dismissed as against all defendants. Count I of the complaint is not directed to the defendants Brown or Mercantile, therefore, the entire complaint will be dismissed as to them.