MaddeN, Judge,
delivered the opinion of the court:
The plaintiffs, Hardin County Savings Bank, and Massachusetts Bonding and Insurance Company, have filed separate petitions. The Bank’s petition, filed May 18, 1948, alleges that on June 28, 1941 Ben B. Hogenson, doing business as the Hogenson Construction Company, entered into a contract with the United States to build for it a Field Office at the Savanna, Illinois, Ordnance Depot Proving Ground, for the price of $42,892; that the Bonding Company executed two bonds whereby it guaranteed performance of the contract, and payment for labor and materials, by Hogenson; that Hogenson, with the knowledge, consent and cooperation of the Bonding Company applied to the plaintiff Bank for a loan to finance this contract and other contracts in which the Bonding Company was interested, and offered to secure the loan by an assignment to the Bank of his contract pursuant to the Assignment of Claims Act of October 9,1940; that the Bonding Company recommended Hogenson to the Bank as a contractor and a credit risk; that the Bank, in reliance on the assignment, executed August 16, 1941, and the recommendation, made loans to Hogenson to finance his contracts.
*817 The Bank’s petition further alleges that it gave proper notice of the assignment to the various interested departments, and to the Bonding Company, the surety, as provided by the Assignment of Claims Act, notifying them to pay to the Bank all payments as they became due under the terms of the contract; that $13,250 of principal and $1,438.71 of interest, with interest still accruing, is now due and unpaid on the loans made by the Bank to Hogenson; that the Government made payments to the Bank of $4,566.33, $2,109.46, and $6,799.09 on September 3 and 9 and October 8, 1941, respectively ; that these payments were not credited on Hogenson’s loan but were credited to his checking account in the Bank to provide him with working capital; that on December 23, 1941, Hogenson completed the contract work, and there became due to the plaintiff Bank from the United States $28,-655.12, the unpaid balance of the contract price.
The Bank’s petition further alleges that the Bank, the Bonding Company, and one Kelleher, receiver in bankruptcy of Hogenson, each made claim to the balance due under the contract; that on January 14,1943, the Comptroller General of the United States, pursuant to Section 148 of the Judicial Code, referred the claims to this court to be tried and decided, that the Bonding Company claims that it advanced money to Hogenson to enable him to complete the contract and paid his debts to laborers and materialmen and hence is entitled to the $28,655.12; but that the Bank is informed and believes that the Bonding Company had not, on November 5, 1941,, made any such advances or payments; that even if it had. done so, the Bank would still have a better right to the fund than the Bonding Company; that Kelleher is no longer the receiver in bankruptcy of Hogenson and has withdrawn his claim and that a trustee in bankruptcy has been appointed for Hogenson’s estate.
The plaintiff Bank asks judgment for $14,683.71, which includes interest to March 31,1942, and, in addition, interest on the principal sum of $13,250 from that date until paid.
The petition of the other plaintiff, the Massachusetts Bonding and Insurance Company, states the facts above recited from the Bank’s petition about Hogenson’s contract, the Bonding Company’s two bonds and Hogenson’s assign *818 ment to the Bank. It further alleges that prior to October 22, 1941, Hogenson abandoned performance of his contract and defaulted in payments for labor and materials; that, as required by its bonds, the Bonding Company expended $31,166.19 to pay for the completion of the contract, and for labor and materials not paid for by Hogenson; that as a result of the Bonding Company’s expenditures, the contract was performed and the work was accepted by the United States; that after deducting $13,414.88 which the Government had paid the Bank on the contract price before TXogen-son’s default, there remained $28,655.12 of the contract price unpaid.
The Bonding Company says that it filed its claim for the entire balance with the Comptroller General of the United States, who referred the question to this court; that it denies that the Bank is entitled to any of the unpaid balance; that Hogenson was adjudicated a bankrupt by the District Court of the United States for the Northern District of Iowa, on January 30, 1942; that Elmo E. McCormick, as trustee in bankruptcy of the estate of Hogenson is claiming the entire unpaid balance; that the trustee’s claim is without merit.
The Bonding Company further alleges that as surety it is entitled to the equitable right of subrogation to the balance of $28,655.12; that its right dates back to the date of giving its bonds, on or about June 28, 1941, and is superior to any right of the Bank as assignee, or the trustee in bankruptcy. It asks for judgment for $28,655.12.
The Bank and the Bonding Company having filed their petitions as above shown, the Government, pursuant to the provisions of Section 14 (b) of the Contract Settlement Act of 1944 approved July 1,1944,* by motion requested this court to give notice to Elmo E. McCormick, trustee in bankruptcy of Ben B. Hogenson, to appear and assert and defend any interest he might have in the suit. The paper which was issued and served upon the trustee was in the form of a summons, rather than a notice, but we will regard it as a notice. The trustee, on August 8, 1944, appeared specially and solely for the purpose of filing a plea to the jurisdiction of this court, asserting that the District Court of the United *819 States for the Northern District of Iowa, Central Division, as the bankruptcy court in which the bankrupt estate of Hogenson was being administered, had prior and exclusive jurisdiction to adjudge and determine the respective claims of the Bank and the Bonding Company to the sum of $28,655.12,-owing by the United States. He says that Hogen-son resided and was domiciled in the District and Division of that court; that on January 12, 1942, a petition in bankruptcy was filed; that on January 16 Denis M. Kelleher was by that court appointed Temporary Receiver “of the goods, wares, accounts, choses in action, real estate and all other property of whatsoever nature, and wheresoever located belonging to or being the property of, or in the possession of the above named alleged bankrupt”; that the court further found that the appointment of a receiver “was necessary to preserve the assets” which included “certain funds held by certain Government Agencies in Washington, D. C.”; that the receiver notified the Government of Hogenson’s bankruptcy, and advised it of its duty not to make payment of its debt to Hogenson except on order of the bankruptcy court; that the Government sent a statement showing the amount due, and a form of release prepared for Hogenson’s signature; that on June 2,1942 Elmo E. McCormick was appointed, and still is trustee of Hogenson’s bankrupt estate; that the receiver turned over to the trustee all property and records of the estate; that the schedules filed on behalf of the bankrupt and the inventory of assets of the trustee included the $28,655.12 here in question as owing by the United States; that notice had been given to the creditors of Hogen-son, including the plaintiffs, the Bank and the Bonding Company, of the bankruptcy proceedings and of a creditors’ meeting.
The trustee in his plea to the jurisdiction further says that the plaintiff Bonding Company appeared in the Bankruptcy Court in response to the notice and filed a claim and proof therein in substantially the same amount and for the same consideration as that stated in its petition herein, and thereby consented to and invoked the jurisdiction of the Bankruptcy Court to adjudicate its rights in the $28,655.12; that the trustee brought a suit in the United States District Court *820 for the Northern District of Iowa on June 28, 1948, which suit is still pending, in which the two plaintiffs herein are defendants and cross petitioners, praying for the determination of the court of the respective claims of the parties to the $28,655.12, and to another item of $3,520.03 evidenced by the check of the Treasurer of the Independent School District of Clearfield, Iowa, issued in the joint name of the two plaintiffs herein, for a balance due on one of Hogenson’s contracts; that the claim filed in the Bankruptcy Court by the Bonding Company includes many claims alleged to be due it for money advanced to complete other contracts of Hogenson; that the amount owing by Hogenson to the Bank and the Bonding Company cannot be determined without a full accounting of all items of debit and credit between them and Hogenson, including the school district item of $3,520.03.
The trustee’s plea further says that the United States was not, at the time the petition in bankruptcy was filed and the adjudication occurred, and never has been, an adverse claimant of the $28,655.12, and has not and does not now claim any beneficial interest in it or any right to withhold it from its rightful owner; that the Bankruptcy Court’s jurisdiction to determine the validity of all claims to or liens on and to collect, administer, and distribute the $28,655.12 is exclusive and not concurrent with that of any other court; that the claim of the Bank under its assignment may amount to an unlawful preference; that the Bank’s security under the assignment from Hogenson may have been lost by reason of payments made by the United States to the Bank, in excess of Hogenson’s debt to the Bank, but which were not applied by the Bank to the secured debt; that if the Bank receives all or a part of the $3,520.03 of the school district money, its claim against Hogenson will be correspondingly reduced; that these matters can be determined only in a bankruptcy court.
The trustee, in concluding his plea “asks that the foregoing objections and plea to the jurisdiction be sustained, and that this court cease from further proceedings against said Trustee or against the property and assets now being administered in bankruptcy by the United States District Court for the Northern District of Iowa, a Court of Bankruptcy.”
*821 It is not altogether plain what the trustee means by the conclusion of his plea. As to his prayer that this court “cease from further proceedings against said trustee” our statement above, that we would treat the paper served upon the trustee under Section 14 (b) of the Contract Settlement Act as a notice, rather than a summons, gives him that relief. A notice, under that statute, merely gives the one notified an opportunity to enter his appearance and participate in the pending, proceedings, if he thinks he has an interest and desires to protect it. He need not appear and participate, but if he does not, the statute provides that his interest in the subject matter of the suit “shall be^ forever barred.”
As to the trustee’s plea that this court cease from “further proceedings against * * * the property and assets now being administered in bankruptcy” by the District Court, it cannot be granted because this court is the only forum in which claims against the United States, of the amount here involved, can be litigated. The Bank and the Bonding Company having filed their suits here, we have no right to refuse to decide them because there is another potential claimant, the trustee in bankruptcy of Hogenson’s estate. If the bankrupt estate has an interest in the litigation, it may of course be asserted here, and in these pending suits, if the trustee appears, as he has the privilege of doing under the provisions of Section 14 (b) of the Contract Settlement Act of 1944. If the trustee can show that the estate, rather than the Bank or the Bonding Company, is entitled to the money involved in these suits, or any part of the money, he will be given a judgment for it. His plea to the jurisdiction is therefore denied. He is hereby granted leave to appear in the pending cases within twenty days from this date to assert and defend such interests as he may claim in the subject matter involved in the cases.
It is so ordered.
WhitakbR, Judge; LittletoN, Judge; and Whaley, Ghief Justice, concur.
Jones, Judge, took no part in the decision of this case.

Public No. 395.