## CENTRAL NAT. BANK OF RICHMOND, VA., v. UNITED STATES.

### No. 48217.

United States Court of Claims.
July 11, 1949.

Geoffrey Creyke, Jr., Washington, D. C., for plaintiff.

D. B. MacGuineas, Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

This proceeding involves a motion by defendant under Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C.A. § 114(b), asking this court to issue a summons in this action directed to T. H. Kent, 3012 Kensington Avenue, Richmond, Virginia, requiring him to appear in the action and answer a contingent claim of the United States.

It appears that on October 8, 1945, the Government entered into a written contract with T. H. Kent, an individual trading as Kent and Company, whereby the latter for the sum of $22,600 agreed to furnish materials and perform the work of repairing and renewing certain roads for the defendant at the United States Marine Barracks, Quantico, Virginia.

On December 3, 1945, the contractor prepared and signed a voucher for the first partial payment in the amount of $11,193.-55, which was approved by the contracting officer December 11, 1945, and forwarded to the Central Navy Disbursing Officer for payment. The voucher was paid by

check dated December 20, 1945, and received by the contractor who cashed it about January 3, 1946, and used the proceeds for his own use.

On December 12, 1945, the day after the partial payment voucher was approved and forwarded for payment, the contractor, by a written assignment, assigned all claims then due or to become due to the plaintiff, Central National Bank of Richmond, in consideration of a loan to him in the amount of $21,500, which assignment was accepted as security for the loan.

Plaintiff sent the written notice of assignment dated December 12, 1945, to the Central Navy Disbursing Officer in Washington, D. C., where it was received in the mail room of the Bureau of Supplies and Accounts on December 17, 1945, routed through channels and finally acknowledged on January 3, 1946, by the defendant's officer designated to acknowledge such assignments.

Plaintiff claims defendant is liable to it for the amount of $11,193.55 by reason of the above assignment. The defendant has filed a motion asking this court to summon Kent in order that the court in considering whether plaintiff has a valid claim against defendant may also consider defendant's contingent claim against Kent for this amount.

■ Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C.A. § 114(b), in pertinent part provides:

"The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings, within such period of time prior to judgment as the Court of Claims shall prescribe."

The language of this section is indeed very broad and in our opinion contains ample authority for this court to issue the summons herein sought by the Government.

The plaintiff's objections to the issuance of the summons against T. H. Kent are not of sufficient substance to defeat the Government's motion. They are briefly: (1) the motion is defective in form in that it fails to comply with Rule 39(c) of the court, 28 U.S.C.A., and is untimely; (2) the testimony of Kent has already been taken and the claim involved has been pending for two and one-half years; (3) the granting of this motion would serve to delay the proceedings, and (4) the court is without jurisdiction to adjudicate the rights between plaintiff and T. H. Kent.

■ Rule 39(c) requires the motion to state when the moving party first became aware of the interest of the person against whom the summons is sought and further that it was not for want of due diligence that the existence of such interest did not sooner come to the party's knowledge. It is true that the Government's motion fails to state these things, but since the matters upon which the motion is predicated as disclosed by the briefs and argument became apparent during the taking of testimony before the Commissioner, we think the defect in the motion is one of form and not of substance, and under the facts and circumstances not of sufficient merit to defeat defendant's motion on this ground.

■ That the testimony of T. H. Kent has already been taken and the claim has been pending for over two years does not appear to be serious grounds for objection to the granting of the motion. If anything, it does show that the taking of such additional testimony as might be required would not produce any undue hardship by reason of unnecessary delay in the final disposition of this case.

■ Plaintiff's final objection is that the general jurisdiction of the court is limited by the act to claims by the United States and, accordingly, the court cannot adjudicate the legal rights between the plaintiff and T. H. Kent.

As we said at the outset, Section 14(b) of the Contract Settlement Act, supra, contains very broad language, to wit: " * * * may summon any and all persons with legal capacity to be sued to appear as a party or parties *in any suit or proceeding of any nature whatsoever* * * * to assert and defend their interests, if any * * *."

The Government apparently is being called upon by plaintiff to pay to it the sum of $11,193.55, which it has already paid out to T. H. Kent by reason of his contract with the Government. In other words, plaintiff says the defendant must pay out this sum again, by reason of the fact that its assignment of December 12, 1945, was valid as to T. H. Kent's partial payment voucher, approved by the defendant's agent and forwarded to the proper disbursing office in Washington one day earlier—December 11, 1945.

Certainly, if this same sum were to be paid to two different persons, one or the other of them would be improperly paid. One of the objectives of the Contract Settlement Act set out by Congress is as follows, 41 U.S.C.A. § 101(f):

"To use all practical methods compatible with the foregoing objectives to prevent improper payments and to detect and prosecute fraud."

While the element of fraud, if any, does not appear in these proceedings from the briefs and arguments, the Government at least is charged with having improperly paid Kent as a result of the work he had performed under his contract with the Government. We believe that the situation here presented is one to which the expressed policy of Congress has application. This court is given the power to summon all persons with legal capacity before it to assert and defend their interests. It cannot be denied that, by reason of the facts and circumstances before us, T. H. Kent does have an interest, and we think he should be summoned to appear and assert and defend it.

The Government should not be called upon to pay out the amount involved in this suit to two different persons unless under the law and the evidence it appears that it is legally bound to do so. If Kent was properly paid, then there is no basis for plaintiff's claim. If he was improperly paid, he has $11,193.55 which does not belong to him and which the defendant should have paid to plaintiff. If the Government is to be relieved of the obligation to pay out this money twice, it necessarily follows that it does have a contingent claim against Kent, which is of such a nature as to further bring it under the provisions of Section 14(b) of the act here involved.

Accordingly, plaintiff's objections are overruled and the defendant's motion is granted.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.