MaddeN, Judge,
delivered the opinion of the court:
The plaintiff became surety on the performance and payment bonds of a contractor which had a contract to construct a building for the United States. The contractor made an assignment to the third-party defendant, a bank, of the moneys due or to become due to it under the contract. The defendant, the United States, paid the money which the contractor earned to the third-party defendant. The plaintiff sues the defendant on the ground that, in the circumstances, the defendant should have paid the money to it, and is still obligated to it.
*688 The defendant has filed an answer denying liability to the plaintiff. It has also filed a cross-claim against the third-party defendant, asserting that if it should be decided that any of the money paid to the third-party defendant should have been paid to the plaintiff, and a judgment should be rendered in favor of the plaintiff against the defendant for such money, the defendant should have a judgment in an equal amount against the third-party defendant, on the ground that the money had been paid to it under a mistake of fact and law.
The third-party defendant has filed a motion to dismiss the defendant’s cross claim. This opinion is concerned only with that motion. In support of its motion, the third-party defendant asserts that this court does not have jurisdiction of the plaintiff’s suit against the defendant. That is really no concern of the third-party defendant. If it should develop that, for want of jurisdiction, the court dismisses the plaintiff’s petition, there will of course be no occasion for the defendant to press its cross claim against the third-party defendant.
The third-party defendant also urges, on grounds of statutory construction and constitutional law, that the court has no jurisdiction of the purported cross claim against it. The court has dealt with that question in the case of Maryland Casualty Company v. United States, 135 C. Cls. 428. We adhere to the views expressed in that opinion.
The third-party defendant’s motion is denied.
It is so ordered.
Beed, Justice (Bet.), sitting by designation; Whitaker, Judge, and Jones, Chief Judge, concur.