Cowen, Chief Judge,
delivered the opinion of the court:
This case presents a question of this court’s jurisdiction over a third party notified under Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b) (1964)[1] to *522 appear to assert and defend its interest in a suit in this court. The issue is before us on the motion of the third party, Bank of America National Trust and Savings Association, to dismiss or stay proceedings because of lack of jurisdiction of the third party. The facts essential to the disposition of the motion are not in dispute.
In January 1956, a joint venture known as “James L. Wennermark d/b/a Wennermark Co. & Emmett J. Harris” contracted with the Department of the Interior for construction work on a levee extension. Plaintiff was the Miller Act (40 U.S.C. § 270a (1964)) surety for the joint venture, and when it defaulted on the contract on July 29,1965, plaintiff effected the completion of the contract work as required by its bond.
The present dispute centers around a check for $52,000.74 issued by defendant on June 7,1965, payable to the order of the joint venture in the name “Wennermark Co. and Emmett J. Harris,” in partial payment of work performed on the contract. The check was endorsed and negotiated at the Highland Branch of the Bank of America, San Bernar-dino, California. Precisely who endorsed the check, who negotiated it at the bank, and what authority he had to do so, are among the key factual issues which are to be decided later and are not now before us.
On June 17,1965, at the request of the joint venture and the attorney for plaintiff, the Treasurer of the United States ordered payment stopped on the check. When the Bank forwarded the check for payment, it was returned with a notation that payment had been stopped at the request of the joint venture. On July 7, 1965, the joint venture filed a claim against defendant for the proceeds of the check. On August 3, 1965, subsequent to the default of the joint venture on its contract, Emmett J. Harris executed an assignment of his interest in the proceeds of the check to plaintiff. On April 12, 1967, James L. Wennermark, on behalf of Wennermark Company, and Emmitt J. Harris assigned to plaintiff all right, title and interest in any claims they might have against E. F. Wennermark and his wife ai'ising out of the check of *523 $52,000.74, which, check, according to the assignment, had been wrongfully and without authority converted and the proceeds disposed of by E. F. Wennermark and his wife.
On October 22,1965, Bank of America wrote to the Treasurer of the United States requesting that payment of the proceeds of the check be made to it. The Treasury Department replied that the check would not be paid until a court of competent jurisdiction made a determination “establishing the party entitled.”
Plaintiff sued the defendant in this court, alleging that as the contractor’s surety, it had completed the contract and paid the creditors of the joint venture pursuant to the surety’s performance and payment bond at a total expense of $91,319.16. Plaintiff further alleges that it thereby acquired equitable rights to the $52,000.74 held by the defendant as the unpaid balance due on the contract, and that plaintiff’s rights to the fund are superior to the rights of any other party. Having learned that the Bank claims the same contract balance which plaintiff sues to recover, plaintiff had a notice served on the Bank (pursuant to 41 U.S.C. § 114(b)) to appear and defend its interest in the subject matter of the suit. Contending that this court lacks jurisdiction over it, the Bank then filed a motion for an order quashing the third party notice served on it and dismissing it from these proceedings without prejudice or, in the alternative, for a stay of this action, pending the determination of a suit between plaintiff and the Bank in a federal or state court in California. We hold that our jurisdiction extends to the claim asserted by plaintiff against defendant and, further, that we have jurisdiction to determine whether the plaintiff or the Bank is entitled to recover the contract balance now held by the defendant.
I
With much vigor and some ingenuity, the Bank argues that this case is beyond our jurisdiction because it is, in essence, a commercial law dispute between plaintiff and the Bank over the proceeds of the check and that any judgment in favor of the plaintiff on its claim will, in reality, be a judgment against the Bank. We think it is the Bank which *524 has ignored the realities. Plaintiff’s petition plainly states a canse of action for the recovery of a contract balance now held by the Government in a stakeholder capacity. Plaintiff alleges that as surety it has discharged the obligations of its payment and performance bonds, after default by the contractor, and has a superior right to the balance due on the contract. Beyond question, such a claim is within the general jurisdiction conferred on this court by 28 U.S.C. § 1491. Royal Indem. Co. v. United States, 117 Ct. Cl. 736, 93 F. Supp. 891 (1950); Hadden v. United States, 132 Ct. Cl. 529, 132 F. Supp. 202 (1955). It is undisputed that the defendant now holds the sum of $52,000.74 as the unpaid balance due on the contract and that, in view of the conflicting claims to the money, defendant has refused to pay anyone until a court of competent jurisdiction decides the issue. Furthermore, in its response to the third party’s motion, defendant asserts that this court has exclusive jurisdiction to render judgment against the United States to recover the money involved in the instant action. The Bank has attempted to collect the stake now held by the defendant and would be the last to say that it has no interest in the fund plaintiff seeks to recover. There are therefore present in this action all of the elements that are required for the exercise by this court of its jurisdiction under Section 114(b).
As this court pointed out in Central Nat'l Bank v. United States, 114 Ct. Cl. 390, 392, 84 F. Supp. 654, 655 (1949), the language of Section 114(b) is very broad and provides that the court on motion of either party “may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever * * * to assert and defend their interests, if any" The purpose of this part of the statute is “to permit the parties to bring in other persons who might, if not foreclosed, later show that they owned or had an interest in the claim sued on, or whose possible right might, if not foreclosed, be used as a defense by the United States to defeat the principal claimant.” Richfield Oil Corp. v. United States, 138 Ct. Cl. 520, 522-3, 151 F. Supp. 333, 335 (1957). Manifestly, the law was designed to cover such an interest as the *525 Bank claims in the money held by defendant. Since the enactment of Section 114(b), this court has, without a single dissent in any case, uniformly held that, where the principal suit is on a claim to recover a contract balance held by the Government as a stakeholder, the court has jurisdiction to determine whether the plaintiff or a third party, who claims an interest in the stake, is entitled to recover the money from the United States.[2] See Royal Indem. Co. v. United States, 178 Ct. Cl. 46, 371 F. 2d 462, cert. den. 389 U.S. 833 (1967), and cases cited therein.
II
The Bank also contends that even if plaintiff has a cause of action cognizable by this court, the exercise of this court’s jurisdiction over the Bank denies its seventh amendment right to a jury trial. In Maryland Cas. Co. v. United States, 135 Ct. Cl. 428, 141 F. Supp. 900 (1956), a third party bank to whom the Government had paid the proceeds due under the contract upon which the suit was brought, was summoned to answer the Government’s contingent claim against it. The summons was issued pursuant to another provision of Section 114(b), which has no application to the case before us. The third party assailed our jurisdiction on the ground that it had disclaimed any interest in the subject matter of the suit and that if the Government sought to obtain a judgment against it, the third party was entitled by the seventh amendment to have the action brought in a district court where the third party would be entitled to a jury trial. The contention was rejected by the court.
The Bank here is in a much weaker position to urge a deprivation of its rights under the seventh amendment. The Government has not filed a contingent claim against it, and there is no indication that it has any intention of doing so. Plaintiff seeks no judgment against the Bank, for plaintiff’s action is against the United States. The Bank has merely *526 been notified to appear and defend its interest, if it elects to do so. It is free to withdraw from tbe action at any time, bnt in that event it may be barred from thereafter asserting its claim against the United States. Hardin County Sav. Bank v. United States, 102 Ct. Cl. 815, 821 (1945).
In view of the conflicting claims to the contract balance held by it, the Government has refused to pay anyone until a court of competent jurisdiction determines who is entitled to recover the money. Moreover, the Government, through its authorized legal representative in this action, has taken the position that only this court is competent to decide the issue. Therefore, we do not agree that the Bank has lost the right to any jury trial that would be available to it for collecting the money that is the subject matter of this action. The Bank acknowledges, as it must, that it is not entitled to a jury trial in a suit against the United States in this or any other court on a claim of the type involved here. If a third party in the Bank’s position can oust the limited jurisdiction which this court will exercise as a result of the notice served, little would be left of Section 114(b), and one of the principal purposes for which Congress enacted that statute would be nullified.
In asserting that we should deny jurisdiction, the Bank also relies on our decisions in Rolls-Royce, Ltd. v. United States, 176 Ct. Cl. 694, 364 F. 2d 415 (1966); Richfield Oil Corp. v. United States, 138 Ct. Cl. 520, 151 F. Supp. 333 (1957); Oliver-Finnie Co. v. United States, 133 Ct. Cl. 555, 137 F. Supp. 719 (1956). These cases are not in point. In Rolls-Royce, plaintiff sued the United States for patent infringement, whereupon a third party who had intervened, counterclaimed against the plaintiff to recover for a breach of contract growing out of a license entered into between the third party and the plaintiff. We denied jurisdiction of the counterclaim on the ground that Section 114(b) does not empower us to entertain actions by third parties against the plaintiff to recover damages on a cause of action that is not cognizable by this court. In Oliver-Finnie, the third party had been summoned to answer a contingent claim which the Government filed against the third party. The contingent claim sought recovery for the breach of a contract entered *527 into between the Government and the third party. It was a contract separate and distinct from that upon which the principal action was based. In Richfield Oil plaintiff sued the Government for just compensation for the taking of an oil pipeline and right-of-way. The Government summoned the Los Angeles County Flood Control District to answer its contingent claim that the District had obligated itself to save the United States free of claims for damages arising out of the project involving the pipeline. Thereupon, the District summoned certain officials of the State of California to defend against the District’s contingent claim against the State. In dismissing the District’s contingent claim against the State, the court held that the alleged contingent liability of the State to the District, which would arise only if the contingent liability of the District to the United States were to become actual, was a claim that did not fall within the provisions of Section 114(b).
Ill
The Bank’s final contention is that the provisions of 12 U.S.C. § 94 (1964), a statute fixing the venue of actions and proceedings against national banks, requires the allowance of the Bank’s present motion. The short answer to that contention is that this is a suit against the United States on a claim which can be litigated only in this court. Hardin County Sav. Bank v. United States, supra. Even if we were to assume, what we do not hold, that this is a proceeding against the Bank, the venue statute would not oust this court of its jurisdiction for, as stated in Borcherling v. United States, 35 Ct. Cl. 311, 342 (1900), aff’d sub nom. United States v. Borcherling, 185 U.S. 223, 234 (1902), the Court of Claims is a court of national jurisdiction and, in cases properly before it, “this court is to all intents and purposes sitting in the State where the cause of action arose or where the claim accrued.”
As we have previously indicated, there are factual issues in this case which must be disposed of before the entry of a judgment on the merits. Such issues are not now before us, and we intimate no decision on the merits. The third party’s *528 motion is denied, and the case is remanded to the trial commissioner for trial or other proceedings as may be necessary.

 This section provides in part:
“The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings * * *.’’

 Judge Laramore’s dissent in Maryland Cas. Co. v. United States, 135 Ct. Cl. 428, 439, 141 F. Supp. 900, 906 (1956) was based upon tbe fact that the Government was no longer a stakeholder, because the money sought to be recovered In the main action had been paid to the third party long prior to the time the suit was brought.