Laeamoee, Judge,
dissenting:
I am constrained to dissent and briefly set forth the reasons for my lack of agreement with the majority opinion.
Plaintiff, in its petition, has made a claim, as surety, for the monies which remain unpaid on the contract between the government and its principal, the original contractor. In its Motion to Bring in the Third Party Under Rule 23, plaintiff’s supporting statement (to indicate that the third party, Bank of America, has the requisite interest in the subject matter of the litigation), is premised exclusively on the fact that the Bank had “previously claimed ownership of the proceeds of the check in competition with petitioner.” This apparently is a reference to the Bank’s opposition to any payment by the Treasury Department when the joint venture, in June 1965, claimed the proceeds of the original check.
In this suit, plaintiff does not attempt to collect the check. It relies on its rights as surety to collect the money due on the underlying contract, claiming that neither it nor the joint venture has been paid. The Bank, however, has no interest in, nor any rights which accrue from, the basic contract. Its only rights, if any, are those which are based on the check. If properly negotiated (or if negotiated by an impostor) it might be collectible from the government under applicable commercial law statutes. If, however, a forgery was perpetrated, it, in all probability, would bear the loss. These, however, are questions of commercial law which involve a dispute between the Bank and the surety over whether the check was negotiated by a forger or by an impostor (or perhaps by an authorized representative of Wennermark Company).
Plaintiff, by predicating this suit on its equitable rights to an unpaid contract fund, is not involved with the original check except to establish that its contractor was not properly paid. I note that in its Answer to the petition, defendant claims to “have fully discharged all its obligations under the contract by issuing” the original check. At oral argument, *529 defendant admitted that the money was owed either to the Bank or the surety, but this is not to say that the government is prevented from subsequently arguing that the money was due the contractor, and that it has paid.
All of these circumstances are pertinent to the basic difficulty I have with the majority opinion. Contrary to the conclusion reached by the majority, this is not a situation where the government is a stakeholder of a fund claimed by two persons, each of whom has rights which have accrued as a result of a related transaction with the government. Generally these are the cases in which an assignee and a contractor or a surety contest the right to a particular contract fund held by the government. All of the parties’ rights to the fund are related to the basic contract. See: Central National Bank of Richmond, Virginia v. United States, 114 Ct. Cl. 390, 84 F. Supp. 654 (1949) ; Maryland Casualty Co. v. United States, 135 Ct. Cl. 428, 141 F. Supp. 900 (1956); Seaboard Surety Co. v. United States, 144 Ct. Cl. 686 (1959), cert. denied, 359 U.S. 1001 [which involved a contract fund that had been paid to one claimant]. Nor is this a situation where the government moves the court to have a third party introduced into the basic proceedings because the third party has a contingent liability to the government. See: Richfield Oil Corp. v. United States, 138 Ct. Cl. 520, 151 F. Supp. 333 (1957); Rolls-Royce Ltd. v. United States, 176 Ct. Cl. 694, 364 F. 2d 415 (1966).
The rights of the surety are based on a contractual relationship entered into by the contractor with the government.[1] The rights of the Bank, however, are not the result of any contract with the government except perhaps its contractual right (obtained from the payee) to collect the negotiable in *530 strument. The Bank’s rights flow from the endorsement. In no sense has it voluntarily entered into a direct or indirect “contractual relationship” with the government from which it expects to receive remuneration.
The government in this case is not the stakeholder of a contract fund because the Bank claims proceeds on a check independent of, and unrelated to, the plaintiff’s claim for the contract fund. Plaintiff’s rights and the rights of the Bank accrue as a result of two distinct contractual relationships— that of the contractor with defendant and that created between the Bank and the endorser of the check (including its right to collect payment obtained by that endorsement). We have refused to assert our third party jurisdiction when the government has asserted a contingent claim against a third party based on its contract with the government, because we concluded that the second contract was unrelated to the contract which formed the basis of the suit. See: Oliver-Finnie Co. v. United States, 133 Ct. Cl. 555, 137 F. Supp. 719 (1956). The government, in our case, has not asserted any rights against thé Bank, contingent or otherwise. Nor has plaintiff asserted any right against the Bank. The two contracts herein involved should suffice as reason to preclude assertion of our third party jurisdiction. In addition, the government’s statement that its contractual obligation is complete (thereby contesting its liability to plaintiff) makes it extremely difficult for me to classify the government a “mere stakeholder,” uninterested in the ultimate recipient of the fund, willing to pay either claimant but not both.
I would grant the motion to dismiss.

 We Rave permitted third party proceedings and thereby denied the right to a jury trial to those who have contracted with the goyernment as subcontractors, contractors, or sureties, because such persons may be charged with the knowledge that the goyernment, in the exercise of its sovereign immunity powers, may dictate the terms and conditions under which recovery may be obtained. See: Maryland Casualty Co. v. United States, 135 Ct. Cl. 428, 141 F. Supp. 900 (1956). One of those conditions, in a Tucker Act suit in the Court of Claims, is the absence of a jury trial. These persons have knowingly accepted this limitation in negotiating a contract with the government from which they expect to profit. The Bank, in contrast, did not contract with the government, did not accept the check in the expectation of receiving anything other than the proceeds it had paid out, and cannot, in my opinion, be held to have waived its right to a jury trial.