**MARYLAND SMALL BUSINESS DEVELOPMENT FINANCING AUTHORITY**

v.

**The UNITED STATES.**

No. 654–82 C.

United States Claims Court.

Dec. 9, 1983.

Kathleen Howard Meredith, Asst. Atty. Gen. of Maryland, Baltimore, Md., with whom is Stephen H. Sachs, Atty. Gen. of Maryland, Baltimore, Md., for plaintiff.

Michael T. Paul, Washington, D.C., with whom is Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

SETO, Judge:

The above-captioned case is before the court on the plaintiff's Motion for Summary Judgment and the defendant's Motion for a Default Judgment Against a Third-Party Defendant. Plaintiff asserts that it is entitled to certain amounts from defendant which defendant paid to a contractor in violation of an assignment agreement between the contractor and plaintiff. Defendant in turn is requesting a default judgment against the contractor for any and all amounts for which defendant is adjudged liable to the plaintiff. For the reasons set forth below, this court concludes that both motions should be granted.

## FACTS

Plaintiff Maryland Small Business Development Financing Authority ("MSBDFA") filed its Motion for Summary Judgment on March 24, 1983. The defendant filed a Motion for a Default Judgment Against a Third-Party Defendant and a Response to Plaintiff's Motion for Summary Judgment on May 27, 1983. In its motion and response, the defendant stated that it did not dispute the facts as asserted by MSBDFA, and this court shall therefore accept those facts as true for the purposes of the pending motions.

On September 4, 1981, Damans & Associates, Inc., ("Damans") entered into a contract with the National Institute on Alcoholic Abuse and Alcoholism ("NIAAA") to provide certain personnel, materials, serv-

ices, and facilities for the "NIAAA Funded Women's Alcoholism Services Workshop." Damans sought to obtain necessary working capital by means of a sixty-five thousand dollar ($65,000) loan from MSBDFA. MSBDFA agreed to the loan on two conditions: (1) that Damans assign to MSBDFA its right to the proceeds under the above-mentioned contract as security for the loan; and (2) that appropriate documents be filed.

Thereafter, on October 30, 1981, Damans, by and through its president Marilyn D. Casanave, signed an agreement entitled "Assignment of Contract" ("Assignment"), whereby Damans assigned all of its "right, title and interest (but not its obligations)" in the NIAAA contract to MSBDFA. Subsequently, on December 3, 1981, a "Promissory Note" ("Note") and a "Loan and Security Agreement" ("Security Agreement") were executed evidencing the loan. Both the note and the security agreement described the assignment as the security for the loan.

MSBDFA sent a Notice of Assignment, with a copy of the assignment attached, to NIAAA, informing NIAAA of the assignment and directing that all payments due Damans under its contract be made payable to both MSBDFA and Damans, and delivered to the MSBDFA offices. The notice was acknowledged and signed on November 2, 1981, by Henry Arista, Contracting Officer for the NIAAA.

In apparent accord with the notice and assignment, NIAAA thereafter made certain payments of the contract proceeds to MSBDFA; it also made certain payments directly to Damans. On or before July 15, 1982, Damans defaulted on the note. MSBDFA was unsuccessful in its demands for payment from Damans and, consequently, is now seeking from defendant those amounts that defendant had paid directly to Damans.

In its answer to MSBDFA's complaint in this court, the defendant admitted (1) that there was a contract between the NIAAA and Damans; (2) that there was an assignment of rights by Damans to MSBDFA; (3) that the NIAAA had paid MSBDFA certain amounts pursuant to the assignment but that the NIAAA had also paid Damans forty-three thousand, eight hundred and seventy-three and 83/100 dollars ($43,-873.83) directly, thus breaching both the assignment and "the contractual obligations assumed by NIAAA" pursuant to the notice; and (4) that the loss to MSBDFA would not have occurred but for the breach. *See* Defendant's Answer ¶¶ 2, 3, 6, 7.

In its instant motion, the defendant again declines to dispute MSBDFA's assertions of facts, electing instead to pursue its counterclaim against Damans, which was filed with the defendant's answer to MSBDFA's complaint. The defendant bases its counterclaim on the same documents presented by MSBDFA. Pursuant to the counterclaim, the defendant caused service of a summons on Damans (the return of which was filed April 1, 1983). Damans did not reply to the summons and the defendant therefore requests a default judgment against Damans.

## DISCUSSION

A. *Plaintiff's Motion for Summary Judgment.*

The statute upon which plaintiff relies is 31 U.S.C. § 203 [now codified as amended by Pub.L. 97–258, 96 Stat. 976 (1982) at 31 U.S.C. § 3727], otherwise known as the Assignment of Claims Act of 1940.[1] Section 203 is apparently relied upon since both the note and the security agreement between MSBDFA and Damans contain language assigning to MSBDFA, in the event of a default, any claims Damans might have had under its contract with NIAAA.[2]

---

1. Because all of the substantive events with which this case is concerned arose before the amendment and recodification, the discussion herein will refer to the statute as it existed at the relevant times.

2. The basis of plaintiff's claim here also concerns the validity of the assignment of *contract proceeds* to MSBDFA, which is governed by 41 U.S.C. § 15. The distinction between 41 U.S.C. § 15 and 31 U.S.C. § 203 has been stated as being "that 31 U.S.C. § 203 pertains to claims for work already done while 41 U.S.C. § 15,

The Government's liability to an assignee in the circumstances at bar has been firmly established. In *Central National Bank of Richmond v. United States,* 117 Ct.Cl. 389, 91 F.Supp. 738 (1950), the Court of Claims dealt with a similar situation. There, as here, a contractor assigned the proceeds of the contract to a lending bank as security for a loan. The assignee then notified the proper Government officials pursuant to 31 U.S.C. § 203. Despite receipt and acknowledgment of the assignment by the appropriate officials, payment under the contract was disbursed to the contractor. After unsuccessful attempts to collect from the assignor, the bank brought suit against the Government to recover amounts that were owed pursuant to the loan and assignment which were paid to the contractor.

The court, in finding the Government liable to the plaintiff for those amounts wrongfully sent to the assignor, stated the purpose and effect of § 203 as follows:

> That Congress intended to validate the very kind of assignment here involved "notwithstanding any law to the contrary governing the validity of assignments" is perfectly obvious.
>
> Furthermore, the effect of such enactment was to place the Government in the same position as that of any ordinary debtor. *United States v. Standard Rice Co.,* 323 U.S. 106 [65 S.Ct. 145, 89 L.Ed. 104]. When a question regarding assignments as they affect the Government arises, the general law of assignments must govern.
>
> Plaintiff's assignment was made pursuant to the [Assignment of Claims] Act of 1940 and notice thereof was given in the manner and to the officials as required. Having so complied with the act, plaintiff is entitled to that degree of protection ordinarily given to an innocent assignee

who acts in good faith. [*National Central Bank,* 117 Ct.Cl. at 397–98, 91 F.Supp. 738.]

A later Court of Claims case dealt with the issue of "notice ... in the manner and the officials as required." In *Tuftco Corp. v. United States,* 222 Ct.Cl. 277, 614 F.2d 740 (1980), the plaintiff/assignee was also suing for money wrongfully paid by the Government to the assignor. The assignee had notified the contracting officer of the assignment and had received an acknowledgment thereof from him. There also, some of the payments on the contract were sent to the assignor.

In discussing 31 U.S.C. § 203 and 41 U.S.C. § 15, the court stated that: "Over time, the courts, sensitive to the purposes of the statutes, exempted from their broad reach certain assignments when it was concluded assignment did not present the danger the statutes were designed to obviate." *Tuftco,* 222 Ct.Cl. at 285, 614 F.2d 740. The court also cited the correlative proposition that the Government can choose to recognize an assignment notwithstanding the bars of the two statutes, *id.* (citing *Maffia v. United States,* 143 Ct.Cl. 198, 203, 163 F.Supp. 859 (1958) and *G.L. Christian & Assoc. v. United States,* 160 Ct.Cl. 1, 10, 312 F.2d 418, *cert. denied,* 375 U.S. 954, 84 S.Ct. 444, 11 L.Ed.2d 314 (1963)) (*see also Thompson v. Commissioner,* 205 F.2d 73 (3d Cir. 1953)), and held that the Government's recognition of an assignment was a waiver of all of the requirements of the statutes.

Insofar as what acts by the Government constituted a waiver of the statutes' requirements, the *Tuftco* court stated: "It is unnecessary to identify any one particular act as constituting recognition of the assignments by the Government. It is enough to say that the totality of the cir-

---

involving executory contracts, is more concerned with continuing obligations." *Tuftco Corp. v. United States,* 222 Ct.Cl. 277, 284 n. 4, 614 F.2d 740 (1980). Thus, plaintiff's present claim is properly brought under § 203, but the validity of the original assignment rests on a consideration of § 15. Under the facts of this case, the distinction is relatively unimportant, and since "[i]n general terms ... the concerns

of the two statutes and the legal concepts involved in their applicability are the same," *id.,* it need only be determined herein whether the plaintiff has shown a valid and enforceable *assignment,* without regard to the difference between assignments of claims and assignments of a "contract ... or any interest therein." [41 U.S.C. § 15.]

cumstances presented to the court establishes the Government's recognition of the assignments by its knowledge, assent, and action consistent with the terms of the assignments." *Tuftco,* 222 Ct.Cl. at 287, 614 F.2d 740.

■ In the case at bar, the plaintiff has asserted, and the defendant has admitted, that the notice of assignment was received, acknowledged and acted on by a responsible official. We therefore conclude that the Government was obligated to comply with the assignment that it had acknowledged, and that the plaintiff is therefore entitled to recover from the Government that amount which was wrongfully disbursed to the assignor.

■ In its complaint and in its Motion for Summary Judgment, plaintiff demands that it be awarded the amount due it from the defaulting contractor, Damans, plus interest on that amount, and the interest and costs accruing due to this action. The defendant, however, is only liable for that amount wrongfully paid over to the contractor in contravention of the acknowledged assignment. Section 2516(a) of Title 28 of the United States Code directs that: "Interest on a claim against the United States shall be allowed in a judgment of the United States Claims Court only under a *contract or Act of Congress* expressly providing for the payment thereof." [Emphasis added.] Plaintiff herein has not proven the existence of either a contract or an Act of Congress expressly authorizing the award of interest in this type of case. Plaintiff has stated that this claim arises "under an express and/or implied contract," but has shown only that the Government acknowledged and assented to an assignment of money due the contractor from the Government. The plaintiff has *not* proven that the Government agreed to assume the whole of the contractor's liabilities to the plaintiff.[3] Therefore, in accordance with the *Tuftco* decision, the defendant is liable to the plaintiff for the sum of $43,873.83, which was the amount wrongfully paid over to the contractor.

**B. *Defendant's Motion for a Default Judgment.***

As indicated before, the defendant has elected not to contest MSBDFA's contentions, choosing rather to counterclaim against Damans. The defendant therefore moved this court, in timely fashion and pursuant to RUSCC 14, for the issuance of a summons to Damans. That motion was granted on March 21, 1983, thus giving Damans until on or about May 5, 1983, to file a response. No response having been received by that time, the defendant, in its Motion for a Default Judgment, requested that the court, pursuant to Rules 14 and 55(b)(2), grant the defendant judgment against Damans.

■ In support of its motion, the defendant cites *Aetna Casualty & Surety Co. v. United States,* 208 Ct.Cl. 515, 526 F.2d 1127 (1975), in which the Court of Claims reaffirmed its adherence to *United States v. Wurts,* 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932 (1938). The *Wurts* line of cases unequivocally establishes that when the United States pays money illegally or erroneously, it may and must sue to recover such money. *See, e.g., Fansteel Metallurgical Corp. v. United States,* 145 Ct.Cl. 496, 500, 172 F.Supp. 268 (1959).

■ For the purposes of the pending motions and in view of the fact that Daman, despite proven service of a summons in this action, has declined to contest its liability, it is taken as established that, as between the defendant and Damans, the payment of the sum of $43,873.83 was at least erroneous. Therefore, in the absence of any showing to

---

**3.** The issue of whether this action is based on a contract (express or implied) or on the statutes cited herein was not addressed by the parties. Although the plaintiff has stated both in its complaint and in its Motion for Summary Judgment that there was an express or implied-in-fact contract, the motion is argued on the basis of § 203. This court therefore need not, and does not, reach the issue of whether the circumstances, the signing of the Notice by Arista, or the statute gives rise to a contract enforceable in this court.

the contrary, the defendant is entitled to recover that amount from Damans.

CONCLUSION

Under both case law and statute, the Government may in its discretion acknowledge, assent to, and act in accordance with a contractor's assignment of the contract proceeds in appropriate circumstances. Having so consented, the Government is thereafter bound to fully comply with such an assignment, and amounts disbursed in contravention of the acknowledged assignment are recoverable by the assignee. In the case at bar, the Government has admitted that it wrongfully disbursed money due the plaintiff. The plaintiff's Motion for Summary Judgment is therefore GRANTED and the defendant is ordered to pay over to the plaintiff the sum of forty-three thousand eight hundred and seventy-three and 83/100 dollars ($43,873.83).

This court further finds the defendant's Motion for a Default Judgment to be meritorious and supported by established law. It is deemed to have been shown that the defendant erroneously paid to Damans the amount shown immediately above. The defendant's Motion for a Default Judgment is therefore GRANTED and the defendant is entitled to recover the above sum from Damans and Associates, Inc.

The Clerk of the Court shall enter judgment accordingly. Each party shall bear its own costs.