FLORIDA NATIONAL BANK OF
MIAMI, Plaintiff,

v.

The UNITED STATES, Defendant,

and

Real Estate Management and Development Corporation of America, Inc.,
Third-Party Defendant.

No. 646–83C.

United States Claims Court.

July 2, 1984.

Richard J. Kwasny, Bethesda, Md., for plaintiff.

Michael T. Paul, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## MEMORANDUM ORDER

MAYER, Judge.

Plaintiff has moved for partial summary judgment in the amount of $26,870.99, plus costs and "legal interest," because defendant paid proceeds from a government contract to third-party defendant Real Estate Management and Development Corporation of America, Inc., after defendant had acknowledged and agreed to assignment of the proceeds to plaintiff. In its response to plaintiff's motion, defendant concedes payment was erroneously made to third-party defendant and argues that it is entitled to be reimbursed by third-party defendant to the full extent of any judgment entered in plaintiff's favor. Pursuant to RUSCC 55(b)(2), defendant has moved for default judgment against third-party defendant for failure to timely respond to defendant's cross-complaint.

■ Because plaintiff's assignment was made in accordance with the Assignment of Claims Act of 1940, as amended, 31 U.S.C. § 3727, and defendant admits the improper payment, plaintiff is entitled to recover $26,870.99, and its costs. *See Central National Bank of Richmond v. United States,* 91 F.Supp. 738, 740, 117 Ct.Cl. 389 (1950); 28 U.S.C. § 2412(a); and RUSCC 54(d). Plaintiff is not, however, entitled to interest. It cited no contract or act of Congress expressly requiring the payment of interest by the government. 28 U.S.C. § 2516(a); *L'Enfant Plaza Properties, Inc. v. United States,* 3 Cl.Ct. 582, 592 (1983), *appeal filed,* No. 84–665 (Fed. Cir. Dec. 2, 1983).

■ Defendant's motion for a default judgment against third-party defendant is premature. A default judgment may not be entered under RUSCC 55(b) unless a *default* has previously been entered by the Clerk of Court under RUSCC 55(a). *See*

*United Coin Meter v. Seaboard Coastline Railroad,* 705 F.2d 839, 844 (6th Cir.1983); *DeTore v. Local No. 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981); *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975).

Accordingly, it is ORDERED that plaintiff's motion for partial summary judgment is GRANTED IN PART and judgment will be entered in its favor in the amount of $26,870.99. Plaintiff will also have its costs. It is FURTHER ORDERED that defendant's motion for default judgment is DENIED without prejudice.